**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| CLARICE J. TRAWICK,<br>    Plaintiff | :<br>:<br>: |
| v. | :    1:05-CV-10 (WLS) |
| | : |
| GEORGIA DEPARTMENT of<br>TRANSPORTATION, et. al,<br>    Defendants | :<br>:<br>:<br>: |

**ORDER**

Presently pending before the Court are Plaintiff's Motion to Amend/Correct the Complaint (Doc. 12), Individual Defendants' Motion to Dismiss Individual Defendants (Doc. 14), and Plaintiff's Motion to Compel (Doc. 18).

For the following reasons, Plaintiff's Motion to Amend/Correct the Complaint (Doc. 12) is **GRANTED**; Individual Defendants' Motion to Dismiss Individual Defendants (Doc. 14) is **GRANTED**; and Plaintiff's Motion to Compel (Doc. 18) is **DENIED**.

**DISCUSSION**

**I.     Plaintiff's Motion to Amend/Correct the Complaint**

Plaintiff moves the Court to amend her complaint (Doc. 2) by 1) changing the phrase "[N]ame[s] of [the] [D]efendant[s]" located on page one to "Responsib[l]e Employee[s]" and 2) adding the position and address of "first responsible employee" David Crim[1]. (Doc. 12). Defendant Georgia Department of Transportation ("Defendant GDOT") does not object to Plaintiff's proposed amendment. (Doc. 13).

The Court, therefore, **GRANTS** Plaintiff's Motion to Amend/Correct the Complaint. (Doc. 12).

---

[1]     Plaintiff's suggested amendment would state the following:

    David Crim -   District Engineer when first Complaint was filed – Now
                              State Maintenance Engineer
                              2 Capitol Square, S. W.
                              Atlanta, Ga. 30334
                              Rm. 270

## II.  Individual Defendants' Motion to Dismiss Individual Defendants

Individual Defendants David Crim, Joe Sheffield, Zane Hutchinson, Howard J. Bridges, Patrick Geddy, Michael D. Howell, and Debbie Goff move the Court to dismiss Plaintiff's complaint as to them pursuant to Fed. R. Civ. P. 4(n) for failure to perfect service within 120 days as authorized by the rule.  (Doc. 14).   This Court entered an Order dated June 29, 2005 permitting *pro se* Plaintiff to file a response to Defendants' motion in accordance with Fed. R. Civ. P. 12 no later than July 25, 2005.  (D2oc. 15).  Plaintiff filed her response to the instant motion on July 8, 2005. (Doc. 17).[2]

In response to Individual Defendants' motion, Plaintiff contends that she adequately perfected service upon Individual Defendants pursuant to Defendant GDOT policy requiring "[a]ll action[s] brought against [the DOT to] be served on the Commissioner." (Doc. 17).  She further contends that "delegation of authority [makes] the employer,[Defendant GDOT,] liable for its agents['] action[s]." *Id.*   O.C.G.A. § 32-2-5, which Plaintiff cites in support of the aforementioned contentions, discusses service requirements for actions by or against the GDOT itself, not actions against GDOT employees in their individual capacities.  *See* O.C.G.A. 9-11-4 (for Georgia state service requirements on individuals).  Likewise, Fed. R. Civ. P. 4(j)(2), which Plaintiff cites in further support, discusses service requirements for actions upon state, municipal corporations, or other governmental organizations subject to suit, not actions against employees in their individual capacities.  *See* Fed. R. Civ. P. 4(e) (for federal service requirements on individuals within the United States).

In the absence of proper service, this Court lacks personal jurisdiction over Individual Defendants and must dismiss the claims against them regardless of whether they had actual notice or knowledge of the instant proceedings.  *See* <u>Davis v. Jeep Corp</u>., 138 Ga. App. 805, 806 (1976).   The Court **GRANTS** Individual Defendants' Motion to Dismiss and thereby dismisses the instant claims against Defendants David Crim, Joe Sheffield, Zane Hutchinson, Howard J. Bridges, Patrick Geddy, Michael D. Howell, and Debbie Goff.  (Doc. 14).

---

[2]  Plaintiff's argument that the instant response should be considered timely pursuant to Fed. R. Civ. P. 6 is rendered moot by the Court's June 29, 2005 Order. (*See* Doc. 15).

### III. Plaintiff's Motion to Compel

Plaintiff moves the Court to compel Defendants to produce "[a]ll documents which Defendants contend support any defense in this case." (Doc. 18). Plaintiff contends that Defendants did not properly respond to the Fed. R. Civ. P. 26(a) Initial Disclosures and Plaintiff's First Interrogatories and Production of Documents. *Id*. Defendants respond that they fully complied with Plaintiff's request; and provide the Court with a copy of their responses to Plaintiff's First Interrogatories. (Doc. 19, Exhibits 1-3). Plaintiff submitted neither a reply to Defendants' response nor any evidence that would otherwise support his motion to compel in view of Defendants' response. The Court, therefore, **DENIES** Plaintiff's Motion to Compel. (Doc. 18).

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Amend/Correct the Complaint (Doc. 12); **GRANTS** Individual Defendants' Motion to Dismiss Individual Defendants (Doc. 14); and **DENIES** Plaintiff's Motion to Compel (Doc. 18).

**SO ORDERED**, this  18th  day of November, 2005

                                  **/s/W. Louis Sands**
                                  **W. LOUIS SANDS, CHIEF JUDGE**
                                  **UNITED STATES DISTRICT COURT**